GWENDA BROUGHTON PARADISE, petitioner-respondent,

*v.*

JAMES ALVA PARADISE, defendant-appellant.

[Argued October 22d, 1935.   Decided April 2d, 1936.]

*Messrs. Major, Black & Carlsen (Mr. James A. Major,* and *Mr. Horace F. Banta,* of counsel), for the respondent.

*Messrs. Chandless, Weller & Selser (Mr. Ralph W. Chandless,* of counsel), for the appellant.

PER CURIAM.

The respondent wife was awarded a decree of divorce from the appellant husband and his appeal challenges the amount

allowed by the advisory master for alimony and counsel fee and the provision of the decree which requires the appellant to give bond to compel obedience to the decree as well as the award of costs. The alimony was fixed at $35 a week and the counsel fee at $3,500.

On these matters the appellant urges that no testimony was taken concerning his financial worth or his earnings from his profession as a doctor, nor were the wife's necessities inquired into by oral testimony and therefore, the advisory master's findings have no basis. On this, it is sufficient to say that the court below was of the opinion that the parties had left this phase of the matter with him for final determination upon the affidavits submitted by both sides at the time alimony *pendente lite* was fixed. We are loath to say the advisory master was wrong in this regard and we shall consider the question of the alimony and counsel fee on those proofs since we conclude that the parties submitted the matter in that fashion.

It appears that the doctor supported himself and his wife in a very comfortable, even luxurious, fashion. In her petition for divorce, however, she charged him with adultery as well as extreme cruelty and, notwithstanding he was acquitted of the first charge, the serious nature of the accusation cannot but have an adverse effect on his earning capacity as a doctor in the suburban community in which he moved. His affidavits contain such proof and it has not been successfully controverted. As to the alimony, therefore, we think that the amount fixed by the court should be reduced to $20 per week.

As to the counsel fee, the record shows that the hearing of this cause consumed fourteen days of time and that in the conduct of the case there were many motions and countermotions disposed of, all of which, of course, must be taken into consideration in the allowance of counsel fee to the successful party. If the appellant had the funds in hand to pay this fee, or the capacity to earn it, the amount perhaps would be justified, but the court should not make an order which, under the proofs, it seems to be impossible to obey.

The counsel fee, therefore, will be fixed at $1,500, and the award of costs will not be disturbed.

As to the bond to compel the obedience of the court's order, the record discloses that the appellant is presently under a *ne exeat* bond which we think is sufficient protection that the provisions of the court's order thus modified will be met.

The decree as thus modified will be affirmed.

*For reversal*—CASE, BODINE, HEHER, PERSKIE, JJ.    4.

*For modification*—THE CHIEF-JUSTICE, LLOYD, DONGES, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ.    8.